# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0850V
Filed: November 9, 2016
UNPUBLISHED

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| JENNIFER HENDRICKS, | |
| Petitioner, | |
| v. | |
| | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Curtis R. Webb, Esq.*, Twin Falls, Idaho, for petitioner.
*Lisa Ann Watts, U.S. Department of Justice*, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On August 10, 2015, Jennifer Hendricks ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a trivalent influenza ("flu") vaccine she received on October 15, 2014. Petition at 1. On May 19, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 31).

On May 27, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 32). Petitioner requests attorneys' fees in the amount of $26,263.25, and attorneys' costs in the amount of $579.35, for a total amount of $26,842.60. *Id.* at 1-2. In

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

...

accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

On June 9, 2016, respondent filed a response to petitioner's motion. (ECF No. 36). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00, to $15,000.00," based on a survey of fee awards in five similar cases and respondent's experiencing litigating Vaccine Act claims. Respondent also notes that some of the work performed by petitioner's counsel could have been done by a paralegal at a lower hourly rate.

On June 20, 2016, petitioner filed a reply. (ECF No. 38). In the reply, petitioner discusses why the range of attorneys' fees proposed by respondent does not define the reasonable attorneys' fees in this case. In addition, in order to address the delay in awarding the fees in this case, petitioner revised her fee request to accept a local rate for her attorney of $28 an hour for work performed in 2014 and 2015 and $300 an hour for work performed in 2016. Petitioner also requests an additional $2,640.00, for preparing the reply brief for a revised total of $22,516.85.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable. In accordance with *Garrison v. Sec'y of Health & Human Servs.,* No. 14-0762 2016 WL 3022076 (Fed. Cl. Spec. Mstr. Apr. 29, 2016), *aff'd*, 128 Fed. Cl. 99, 2016 WL 4784054 (Aug. 17, 2016), the undersigned awards Mr. Webb the hourly rate of $387.50 per hour for work performed in 2015 and $409.00 per hour for work performed in 2016, thus awarding Mr. Webb $26,263.25 in attorney's fees and $579.35 in costs for a total of $26,842.60, the amount petitioner requested in her initial application for attorney's fees and costs. The undersigned also awards petitioner an additional $2,640.00, for preparation of the reply brief. The final amount awarded to petitioner in attorneys' fees and costs is $29,482.60.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs. In summary, the undersigned awards the amount of petitioner's original fee request of $26,842.60, plus an additional $2,640.00, for preparation of the reply brief, for a total amount of $**29,482.60**.

**Accordingly, the undersigned awards the total of $29,482.60,[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Curtis R. Webb.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

                                            **s/Nora Beth Dorsey**
                                            Nora Beth Dorsey
                                            Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.